UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) No. 2:15-CR-101 |
| | ) |
| THOMAS LEE NEWMAN | ) |

MEMORANDUM OPINION AND ORDER

The defendant filed a Motion to Compel Discovery, [Doc. 54], after the conclusion of his April 20, 2016 bench trial. After closing arguments at the trial, this Court took the matter under advisement, and stated that it would issue written findings of fact and render a verdict after reviewing the transcripts of the trial. In the meantime, the defendant filed a motion seeking "all audio, video, photographs, and rough notes of the alleged undercover drug debt repayment made by the Defendant to Charles Lofty on June 4, 2015." The defendant failed to cite to any authority supporting his request. He merely stated that he "desires said material for review to ensure there was no exculpatory evidence within said discovery." The United States responded, [Doc. 59], and the Court denied the motion, [Doc. 61].

The Court then rendered its verdict and found the defendant guilty on all counts--Count One: conspiracy to distribute and to possess with the intent to distribute 280 grams or more of cocaine base in violation of Title 21 United States Code Sections 846, 841(a)(1) and 841(b)(1)(A); (2) Count Two: possession with the intent to distribute cocaine base in violation of Title 21 United States Code sections 841(a)(1) and 841(b)(1)(C); (3) Count Three: distribution of cocaine base in violation of Title 21 United States Code sections 841(a)(1) and 841(b)(1)(C); and

(4) Count Four: possession with the intent to distribute cocaine base in violation of Title 21 United States Code sections 841(a)(1) and 841(b)(1)(C).

The defendant then filed the instant Motion for New Trial, [Doc. 68], and argued many of the same points as contained in his Motion to Compel. The United States has responded, [Doc. 77], and the matter is ripe for review.

Federal Rule of Criminal Procedure 33(a) states that a district judge may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The decision to grant or deny such a motion rests within the discretion of the district court and should not be reversed absent a showing of abuse of discretion." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993). Generally, motions for a new trial are disfavored and should be granted with caution. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).

The defendant moves for a new trial because he contends additional impeachment evidence against Mr. Loftly and Officer Garrison could have created a reasonable probability of a different trial outcome. As such, the defendant submits that he should be entitled to a new trial and that the discoverable materials at issue should be provided to the defendant. In addition, he argues that the government's failure to provide discoverable materials directly affected the defendant's decision to not testify at trial. Again, this evidence and materials are the same evidence and materials that were the subject of the previous Motion to Compel, which this Court denied. Finally, the defendant claims that Officer Garrison committed perjury.

To review, this Court previously ruled that to the extent that any of the materials at issue were *Jencks* material, including Mr. Loftly's mainly inaudible statements, the Court did not find that the defendant was prejudiced by the nondisclosure of their contents. This Court similarly

2

found nothing exculpatory or inconsistent in the materials that would warrant *Brady* or *Giglio* relief. As such, the Court denied the motion.

This Court will not revisit its previous decision. Because there was no discovery violation, the bases of the defendant's arguments that this additional impeachment evidence could have created a reasonable probability of a different trial outcome and that the government's failure to provide discoverable materials directly affected the defendant's decision to not testify at trial are without merit.

Moreover, the Court finds that Officer Garrison did not perjure himself. Title 18 U.S.C. § 1621 states:

> Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true . . . is guilty of perjury.

18 U.S.C. § 1621. A defendant must show three things to prevail on a claim that the prosecution advanced perjured testimony: (1) the prosecution presented false testimony; (2) the prosecution knew the testimony was false; and (3) the testimony was material. *Akrawi v. Booker*, 572 F.3d 252, 265 (6th Cir. 2009). Willful intent is required. *United States v. Anderson*, 616 Fed. App'x 770, 775 (6th Cir. 2015), *cert. denied sub nom. Thompson v. United States*, 135 S. Ct. 2877 (2015) (emphasis added) (quoting *United States v. Lawrence*, 308 F.3d 623, 631-32 (6th Cir. 2002) (citation omitted)). The testimony must be "indisputably false" rather than "merely misleading." *Akrawi*, 572 F.3d at 265 (quoting *Byrd v. Collins*, 209 F.3d 486, 517-18 (6th Cir. 2000)).

Here, there is no indication that Officer Garrison willfully intended to give false testimony. Instead, it appears that his was mistake as to this one aspect of this testimony. To be sure, the Court found Officer Garrison credible. This mistake in no way changes the Court's determination as to the verdict.

For the reasons state above, the Motion for New Trial, [Doc. 68], is DENIED.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE