UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:15-CR-101 |
| | ) | |
| THOMAS LEE NEWMAN, SR., | ) | |

MEMORANDUM OPINION AND ORDER

The defendant, Thomas Lee Newman, Sr., was convicted of four drug trafficking offenses after a bench trial before the undersigned. After the Court rendered its verdict, a sentencing hearing was scheduled and a presentence investigation report ("PSR") was ordered. The PSR, disclosed to the parties on October 27, 2016, has been objected to by the defendant. The Court received evidence and heard argument on the objections on February 1, 2017. The government has filed a supplemental brief, [Doc. 103].[1] This memorandum opinion and order will address defendant's objections to the PSR.

On September 9, 2015, a federal grand jury returned a four-count indictment charging the defendant, Thomas Lee Newman, Sr., a/k/a "Tree" in Count One with conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One), possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two and Four), and distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three). On September 15, 2015, the United States filed an information to establish a prior conviction

---

[1] The parties were given a deadline of February 13, 2017, to file a supplemental memorandum. The defendant has chosen not to file a supplemental brief.

1

pursuant to 21 U.S.C. § 851, [Doc. 11]. The information alleged that, on January 11, 2001, the defendant was convicted "of the felony charges of Possession of Cocaine with Intent to Distribute, in case number. 00-0306-1, and of Drug Violation Within a Drug Free School Zone, in case number 00-0306-2," in the Superior Court of Berkshire County, Pittsfield, Massachusetts, and sentenced to 6-7 years, and 4-5 years, respectively. On October 6, 2015, the United States filed an amended information which deleted the second alleged conviction, i.e., in case number 00-0306-2. [Doc. 17]. A second amended information was filed by the government on February 16, 2016, [Doc. 46]. In the second amended information, the government realleged both of the Berkshire Superior Court convictions and additionally alleged a July 2, 1996 conviction in the Central Berkshire District Court, Pittsfield, Massachusetts, for "felony charges of Possession of PCP/Cocaine-Methamphetamine to Distribute, and Manufacture/Distribute PCP/Cocaine-Methamphetamine in case number 9627-CR-1318," resulting in a one-year sentence in the Massachusetts Department of Corrections.

Pursuant to 21 U.S.C. § 841(b)(1)(A), a person convicted of a violation of § 841(a) is subject to a sentence of "not less than 10 years or more than life"; if the violation occurs "after a prior conviction for a felony drug offense has become final," then that same person is subject to a sentence "which may be not less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A). If the violation occurs "after two or more prior convictions for a felony drug offense have become final," then the person "shall be sentenced to a mandatory term of life imprisonment without release." *Id*. Section 851 provides that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, . . . the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person)

2

stating in writing the previous conviction to be relied upon." 21 U.S.C. § 851(a)(1). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct related to narcotic drugs, marijuana, antibiotic steroids, a depressant or stimulant substance." 21 U.S.C. § 802(44).

The PSR prepared by the probation officer concluded that the defendant is subject to a mandatory life term of imprisonment upon his conviction of Count One of the indictment. The probation officer also concluded that defendant is a career offender under USSG § 4B1.1(b) because defendant was at least 18 years old at the time of the instant offense, the instant offense of conviction is a felony controlled substance offense, and the defendant has at least two prior felony convictions of a crime of violence or a controlled substance offense. *See* USSG § 4B1.1(b); PSR at ¶ 27. As a result, defendant's offense level was increased to 37 from 30 and his criminal history category became VI, instead of III. [PSR at ¶¶27, 37-38]. The probation officer identified the 1996 convictions in the Berkshire Superior Court for felony drug offenses and an armed robbery/assault with a deadly weapon/assault and battery conviction in 2003 in the Superior Court of Berkshire County, Massachusetts, as the necessary predicate offenses. [PSR at ¶¶ 35, 36]. The United States filed a notice of no objection to the PSR, [Doc. 79]; the defendant, however, objects to the "accuracy" of paragraphs 27 and 34-38 of the PSR, [Doc. 84].

In a sentencing memorandum filed before the sentencing hearing, the defendant "den[ied] the information" contained in the government's second amended information pursuant to § 851 and objected to the career offender enhancement under the Guidelines. [Doc. 88]. Upon filing of a written denial of the allegations of the information,[2] the Court is required to "hold a hearing

---

[2] Section 851(c) requires a defendant who denies an allegation in the information to file a written response to the information. 21 U.S.C. § 851(c)(1). The government does not argue that defendant's "denial," filed first in a sentencing memorandum almost a year after the second amended information, does not comply with the requirements of § 851(c).

3

to determine any issues raised by the response which could except the person from increased punishment." 21 U.S.C. § 851(c)(1). On any issue of fact, the government has the burden of proof beyond a reasonable doubt. 21 U.S.C. § 851(c)(2). The government's burden of proof on the Guidelines objection is by a preponderance of the evidence. *United States v. Moore*, 161 F.2d 977, 984 (6th Cir. 1998) (citing *United States v. Silverman*, 889 F.2d 1531, 1535 (6th Cir. 1989)). As noted above, the Court conducted a hearing on February 1, 2017, where it received documentary evidence and heard argument. The matter is now ripe for disposition.

**I.  Applicability of Federal Rules of Evidence**

As an initial matter, the defendant argues that the Federal Rules of Evidence should apply in the proceeding insofar as his denial of the allegations of the § 851 enhancement go. He argues that the stricter rules of evidence which apply at trial ought to apply to § 851 proceedings because of the government's burden of proof beyond a reasonable doubt and he specifically objects to Exhibit 4, the affidavit of Joseph A. Pieropan, Assistant District Attorney for the Berkshire District, as hearsay. The issue appears to be a novel one in the Sixth Circuit.

First of all, the Rules Of Evidence, by their explicit terms, do not apply to sentencing. Fed. R. Evid. 1101(d). Furthermore, Rule 32 of the Federal Rules of Criminal Procedure, which applies at sentencing, provides that the Court "must—for any disputed portion of the presentence report or ***other controverted matter***—rule on the dispute . . .," but does not address specifically the standard for the admissibility of evidence at sentencing. Fed. R. Civ. P. 32(i)(3)(B) (emphasis added). The Sentencing Guidelines also contain certain provisions which relate to the resolution of disputed facts at sentencing; § 6A1.3 requires that, after giving the parties an opportunity to be heard and present information to the court, the court "may consider the relevant information without regard to its admissibility under the rules of evidence applicable at trial,

4

provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a). The Sentencing Commission specifically notes in the commentary to the Guidelines that "[w]ritten statements of counsel or affidavits of witnesses may be adequate under many circumstances," and that "use of the preponderance of the evidence standard is appropriate to meet due process requirements . . . in resolving disputes regarding application of the Guidelines to the facts of the case." USSG § 6A1.3, com. Finally, generally speaking, the Sixth Circuit has observed:

> "A sentencing hearing . . . is not a criminal trial, and many of the constitutional requirements of a criminal trial do not apply at sentencing." *United States v. Hamad*, 495 F.3d 241, 246 (6th Cir. 2007). Thus, it is well established that neither the rules of evidence nor the right to confront witnesses applies at sentencing. *Id.*; *United States v. Brika*, 487 F.3d 450, 457 (6th Cir. 2007). "Congress prefers the inclusion rather than the exclusion of information at sentencing, *see* 18 U.S.C. § 3661 ('No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.') . . . ." *Hamad*, 495 F.3d at 246.

*United States v. Christman*, 509 F.3d 299, 304 (6th Cir. 2007).

None of this, of course, answers directly the question of whether the Rules of Evidence should apply at a sentencing proceeding such as one under § 851 where the government has the burden of proof beyond a reasonable doubt. Counsel for defendant has referred at oral argument to one case from the District of Maine, one found also by the Court in its own research. In that case, Judge Hornby was confronted with a situation very much like the one which now confronts this Court. In that case, the court noted that "it is not clear whether th[e] exclusion [of Rule 1101(d)(3)] applies to the unique statutory proceeding created by 21 U.S.C. § 851, with a specified different burden of proof." *United States v. Jones*, 671 F.Supp. 2d 182, 183 (D. Maine

5

Nov. 17, 2009). Also noting the lack of case law that addresses the issue, the court assumed, but did not decide, that the Rules of Evidence apply. *Id*.

Although the Court has found no Sixth Circuit or other circuit courts of appeal cases addressing the evidentiary standard in § 851 hearings, the Court has located two other district court cases, one in the Sixth Circuit, which are on point. In *United States v. Ingram,* Judge Bennett considered whether the Federal Rules of Evidence apply, despite Rule 1101(d)(3)'s provisions, "to a *statutory* scheme for proof of a prior conviction imposing a 'beyond a reasonable doubt' burden of proof, even if such proof is made in the context of a sentencing hearing." 613 F. Supp. 2d 1069, 1093 (N.D. Iowa, 2009). While acknowledging that the court had "found no decision of any federal court expressly holding that the Federal Rules of Evidence *are* applicable to proceedings under § 851," the court nevertheless held that

> when Congress mandates that the prosecution must prove something beyond a reasonable doubt, the implication, or the reasonable assumption, is that such proof requires compliance with the Federal Rules of Evidence. When Congress places the highest burden of proof in our legal system on the prosecution, with that burden should come the concomitant of the highest standard for admissibility of the pertinent evidence.

*Id*. at 1093-94. Judge Cohn also faced the same issue in *United States v. Sills*, 692 F. Supp. 2d 792, 799-800 (E.D. Mich. 2010). That court found the analysis by Judge Bennett in *Ingram* persuasive and likewise considered only evidence offered by the government that was admissible under the Rules of Evidence.

As noted above, the Sixth Circuit has not directly addressed the question of whether the Rules of Evidence apply in a § 851 proceeding. The Circuit has, however, considered and decided an issue that is instructive on the one before the Court. In *United States v. Darwich*, the Sixth Circuit considered whether the Rules of Evidence applied at sentencing "when *Apprendi*

6

requires the district court to find the drug quantity beyond a reasonable doubt." 337 F.3d 645, 656 (6th Cir. 2003). The court noted that it had "repeatedly held that hearsay is permissible at a sentencing hearing so long as it has some minimum indicia of reliability," and that Federal Rule of Evidence 1101(d)(3) provides that the Rules of Evidence do not apply at sentencing hearings. *Id*. However, because specific drug quantities must be proved beyond a reasonable doubt in order to sentence a defendant pursuant to the enhanced-sentencing provisions of 21 U.S.C. § 841, the court concluded that the Rules of Evidence should apply when the district court is required to make a finding beyond a reasonable doubt. *Id*. Although the prior convictions at issue here are not elements of the offense like drug quantity, and need not be submitted to a jury, *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Court finds the rationale of *Ingram* and *Sills* persuasive and the holding of *Darwich* to apply with equal force here. The Court holds, therefore, that when § 851 imposes a beyond a reasonable doubt standard, it is implicit therein that the more formal Rules of Evidence should likewise apply.

## II. The Section 851 Information

### A. The July 2, 1996 Conviction

As set forth above, the government alleges in its notice that defendant was convicted on July 2, 1996 in Pittsfield, Massachusetts, of the felony charges of possession of PCP/cocaine/-methamphetamine to distribute and manufacture/distribute PCP/cocaine/methamphetamine in case no. 9627-CR-1318. The offense date was June 20, 1996, and defendant was sentenced to one year in the Massachusetts "H of C". As proof of the conviction, the government offered three exhibits. Exhibit 1 is a two-page document from the Massachusetts court which has been represented by the government and the probation officer to be the only records directly available as to this conviction. The document is attested to as a true copy by a clerk magistrate, is self-

7

Case 2:15-cr-00101-JRG-MCLC  Document 109  Filed 03/17/17  Page 7 of 17  PageID #: 1417

authenticating under Federal Rule of Evidence 902(4) because it is properly certified, and is part of an official record of the Pittsfield court. Further, it is admissible under Rule 803(8) because it is part of a public record recorded by a judicial officer. The document, unsigned by any judge or clerk, appears on its face to be the "Criminal Docket" for Docket No. 9627-CR-131 for the Pittsfield Court Division. The defendant is listed as "Thomas Lee Newman, Jr." The defendant has been prosecuted in the case before the Court under the name of "Thomas Lee Newman, Sr., also known as 'Tree.'"[3] The defendant's date of birth, however, matches the date of birth on the Massachusetts record.[4] There is no social security number or other identifying information on the docket sheet. The date of the offense is listed as June 20, 1996. The "Count-Offense" is listed as ".POSS.PCP/COCAINE/MTEAMP.TO DISTRIB. c94C s32A(c)" and a handwritten notation "7-2-96 amended 32A(a)". The "Disposition Method" is listed as "Guilty Plea" and the "Sentence or Other Disposition" is handwritten as "1 Year H of C direct." The second "Count-Offense" is listed as "b.MFG/DISTRIB.PCP/COCAINE/METHAMP. c94C s32A(c)" with a similar handwritten notation" "amended 32A(a)." Again the "Disposition Method" is "Guilty Plea" and the "Sentence or Other Disposition" is "' ' w/CTA." The disposition date and assigned judge for both offenses is "7-2-96 Turcotte, J." The form has a place for signature by "Clerk-Magistrate/Asst. Clerk" but is unsigned.

      The second page of the document consists only of three "Other Docket Entries:"

6-20/96 -c 6/24/96 9 am bail conf.-held 6/20 (illegible) 5,000
c/s.by Cl/m Evans-if adv of (illegible) (hold w/o bail if charged w
new offense)
6/24/96 c 7/2/96 BC BC 99 (illegible)
7-2-96 Atty K. Warren appt Guardian Ad Litem-Turcotte J

---

[3] The defendant has a son who is also known as Thomas Lee Newman, Jr. His son, however, is only 21 years old. The defendant has a brother, however, who is also named Thomas Lee Newman.
[4] The defendant was about three months short of his eighteenth birthday at the time.

Exhibits 2 and 3 relate only indirectly to the alleged 1996 conviction. Exhibit 2 is a collective exhibit relating to case No. 0076CR00306, *Commonwealth v. Thomas Lee Newman, Jr.*, filed September 27, 2000. Pages 12-14 of the exhibit are copies of an indictment charging Thomas Lee Newman, Jr. with distribution of cocaine (second offense) (Ch. 94 C Sec. 32 A(d)). The indictment recites that Thomas Lee Newman, Jr. "has been previously convicted of a like offense, to wit, Possession of Cocaine With Intent To Distribute, docket no. 9627-CR-1318, on July 2, 1996, in the Central Berkshire District Court, at Pittsfield, in violation of Massachusetts General Laws, Chapter 94C, section 32A(d)." A type-written notation on the back of the indictment indicates that on January 5, 2001, a verdict of guilty was returned by a jury. Pages 19-20 of the exhibit are copies of Exhibit 1. This exhibit is likewise certified by the clerk as a true copy and is admissible under Federal Rule of Evidence 902(4). Exhibit 3 is the signed memorandum and order of the Commonwealth of Massachusetts Appeals Court in the case of *Commonwealth v. Thomas Lee Newman, Jr.*, affirming the convictions of defendant on, among other things, five indictments charging distribution of cocaine (second offense). The order is dated May 10, 2007, and is certified by the assistant clerk as a true copy. This document is likewise admissible under Rule 902(4).

The United States argues that the "information contained in [Exhibits 1, 2 and 3] demonstrate that these convictions exist beyond a reasonable doubt." [Doc. 94 at 5]. The defendant argues that the paperwork submitted "reflects that the Defendant was a minor at the time the offense occurred and that the Court appointed a guardian ad litem for Mr. Newman, not a defense attorney.[5] Additionally, the first page [of Exhibit 1] which most closely resembles a judgment is not signed by anyone, including a judge, court staff, counsel for the defendant, the

---

[5] This argument appears to be an implicit concession that the defendant, Thomas Lee Newman, Sr., is in fact the person convicted in that case.

defendant or even the prosecuting attorney." [Doc. 88, at 2]. The Exhibits, according to the defendant, "do not prove this alleged adult drug conviction beyond a reasonable doubt." [*Id*.].

Do these documents prove beyond a reasonable doubt the "fact" of the alleged July 2, 1996 conviction? The Court concludes they do not. If Exhibit 1 was the only evidence before the Court, the Court would have no difficulty reaching that conclusion. The two-page "Criminal Docket," is unsigned by any judge or clerk, is partly handwritten and partly typed, and has abbreviated handwritten notes about the sentence imposed without any way for the Court to determine from the face of the document their actual meaning. The court record does not include an indictment or any judgment of conviction signed by a Massachusetts judge. As noted above, the name of the defendant is "Thomas Lee Newman, Jr.", a name that differs from the one under which the defendant in this case has been prosecuted. It is not clear from the face of the document itself that the offense is even a felony offense, i.e., one "punishable by imprisonment for more than one year."[6] Finally, although it may be inferred that the conviction in Docket No. 9627 CR 1318 is for a felony drug offense, it appears the defendant in the case was a juvenile both at the time of the offense, June 20, 1996, and on the date of the conviction, July 2, 1996.[7] It is not at all clear whether the conviction was for a juvenile in adult court or for a juvenile in a court with juvenile jurisdiction only.

The other exhibit introduced by the government, however, makes the question somewhat closer. On their face, Exhibits 2 and 3, the records associated with case Nos. 00-306-1 and 00-306-2, appear to confirm a prior conviction in Docket No. 9627-CR-1318 on July 2, 1996, and at

---

[6] It does appear from the face of the document that the charge was pursuant to "c94C s32A(c)" but then "amended 32(A)(a)". Presumably, the prosecution was pursuant to Massachusetts General Laws Annotated 94C, § 32(A) which provides for a punishment of "imprisonment in the State prison for not more than ten years, or in a jail or house of corrections for not more than two and one-half years." The reference on Exhibit 1 to "1 YEAR H of C direct" is likely a reference to "house of corrections."

[7] The date of birth of the defendant is listed as "9/13/78."

10

first glance to add significant weight to the government's claim. Neither the opinion of the Appeals Court nor any other documents in Exhibits 2 and 3, however, change the Court's concerns about Exhibit 1 and the lack of proof, **before this Court,** of any document signed by anyone with authority to do so which establishes the first conviction on July 2, 1996. The Court certainly notes that since the defendant, also referred to as Thomas Lee Newman, Jr., was convicted of a second offense which alleged the very conviction at issue here as the prior conviction, the Court should conclude that the July 2, 1996 conviction necessarily was proven beyond a reasonable doubt.[8] The Court, however, does not know how that finding was made. Does Massachusetts law require the fact of a prior conviction to be submitted to a jury and proven beyond a reasonable doubt? Or is the prior conviction simply a prerequisite to a sentencing enhancement which must be found by the Court by a preponderance of the evidence? The Court cannot answer these questions based on the documents submitted to the Court.

In short, although the evidence might establish the "fact" of the conviction by a preponderance of the evidence, it does not allow the Court's mind to rest easy with a finding that it has been proven beyond a reasonable doubt.

## B. The January 11, 2001 Conviction[9]

As noted above, Exhibits 2 and 3 relate to the January 11, 2001 alleged conviction and are admissible under Federal Rule of Evidence 902(4).[10] Exhibit 2 contains a 9-page docket report, the indictment, (front and back, two-pages) in case No. 00-0306-1, the indictment (front

---

[8] The affidavit of Joseph O. Pieropan, Exhibit 4, states "I have used such records in the past to prove predicate convictions for subsequent offense charges in the Superior and District Courts of Massachusetts." [Ex. 4 at ¶ 5]. Even if that were admissible on this question, it still leaves important questions about the procedure used to prove prior convictions and the burden of proof placed on the government.

[9] This is the date alleged in the government's second amended information. It appears, however, that the conviction referred in Exhibit 2 was on January 5, 2001. Sentence was imposed on January 11, 2001.

[10] Exhibit 4, the affidavit of Joseph O. Pieropan, has the same documents as Exhibit 3 attached. The affidavit is hearsay, however, and not admissible on this issue.

11

and back, two-pages), in case No. 00-0306-2, the mittimus issued in both cases, and the two-page criminal docket in case No. 9627CR1318 (a duplicate of Exhibit 1). The indictment in No. 00-0306-1 indicates that Thomas Lee Newman, Jr.[11] was indicted on September 27, 2000, for distribution of cocaine "and has been previously convicted of a like offense, to wit, Possession of Cocaine With Intent to Distribute, docket no. 9627-CR-1318, on July 2, 1996, in the Central Berkshire District Court, at Pittsfield." [Ex. 2 at 11]. On the face of the indictment, it is noted in handwriting, "Jan 5, 2001 Verdict of Guilty," and "Jan 5, 2001 Verdict of Guilty on 2nd Offense." [*Id*. at 10]. The case number on the docket report is 0076CR00306, [*id*. at 1], and shows the offense date of December 11, 1997 and a disposition of guilty of "cocaine, distribute, subsq.off." on January 5, 2001. [*Id*. at 2]. The docket report has an entry on January 5, 2001 of a verdict of guilty in no. 00-0306-1 and 00-0306-2 "returned, affirmed and filed." The indictment in No. 00-0306-2 lists the defendant as Thomas Lee Newman, Jr. and is dated September 27, 2000, and charges that on December 11, 1997, the defendant committed a drug violation within a drug-free school zone. [*Id*. at 11-12]. The face of this indictment has a typewritten notation of "January 5, 2001 Verdict of Guilty returned, affirmed and filed." [*Id*. at 11]. Exhibit 3 is a certified copy of the order of the Commonwealth of Massachusetts Appeals Court entered May 10, 2007, in the case of *Commonwealth v. Thomas Lee Newman, Jr.* in No. 05-P-1467, affirming the judgments for, among other things, "five counts of distribution of cocaine (second offense)," and five counts of "drug sales within a school zone."

Once again, the question before the Court is the same: Do these documents prove beyond a reasonable doubt the "fact" of the January 5, 2001 conviction? On this question, the Court concludes the answer is "yes." Although the Court remains bothered by the lack of a judgment

---

[11] Again, the defendant in this case has been prosecuted as Thomas Lee Newman, Sr. The docket report lists the defendant's address as "1413 Montgomery Street, Knoxville, TN." [Ex. 2 at 1]. The Court, however, has no way of determining whether or not that address was in fact the address of the defendant in this case.

or other document equivalent to a judgment signed by a judge[12] that establishes the conviction, and the discrepancy between the name used in the Massachusetts case and the instant case, the government has been able to provide far more detail for this conviction than for the July 2, 1996 conviction. The Court has been provided with a copy of the indictment with the handwritten notations concerning the verdict, the typed entries on the docket report, and, most importantly, the order of the appeals court affirming the convictions. As indicated at the hearing, the Court would likely find the government had met its burden of proof on the fact of the January, 2001 conviction on the strength of the appeals court order alone.

As a result, the government has met its burden of proof with respect to the January, 2001 conviction, but not the July, 1996 conviction. Mr. Newman, therefore, faces a mandatory minimum sentence of 20 years and a maximum of life. 21 U.S.C. § 841(b)(1)(A).

**III.     Career Offender**

The probation officer deemed the defendant to be a career offender pursuant to USSG § 4B1.1(a) which provides that:

> (a) defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). The probation officer relied on convictions set out in paragraphs 35 and 36 of the PSR, i.e., the January, 2001 conviction for distribution of cocaine and a conviction on January 23, 2003, for armed robbery, assault with a deadly weapon, and assault and battery.

---

[12] It may be that there is no document used in Massachusetts that is equivalent to the judgment entered in federal criminal cases and state criminal cases generally. *See* Mass. R. Crim. P., Rule 28 ("**(a) Judgment**. If the defendant has been determined to be guilty, a verdict or finding of guilty shall be rendered, or if he has been determined to be not guilty, a verdict or finding of not guilty shall be rendered, in open court, and shall be entered on the court's docket.").

13

[PSR at ¶¶ 35, 36]. The defendant objects to this conclusion. At the hearing on this matter, the United States offered, in addition to Exhibits 1, 2 and 3, the affidavit of Joseph O. Pieropan, Assistant District Attorney for the Berkshire, Massachusetts District. [Ex. 4]. Although defendant apparently challenges the admissibility of the affidavit and the attached court documents, they are clearly admissible under the more relaxed evidentiary standard applicable to sentencing proceedings, [*see* above at p. 5].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). A "crime of violence" is defined as follows:

> **(a)** The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> **(1)** has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> **(2)** is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

USSG § 4B1.2(a)(1) and (2). The 2001 conviction for distribution of cocaine clearly qualifies as a "controlled substance offense." The parties disagree, however, as to whether the 2003 Massachusetts conviction for armed robbery qualifies as a "crime of violence." It does.

Under Massachusetts state law, armed robbery is defined as follows:

> Whoever, being armed with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which may be the subject of larceny shall be punished by

> imprisonment in the state prison for life or for any term of years; provided, however, that any person who commits any offence described herein while masked or disguised or while having his features artificially distorted shall, for the first offence be sentenced to imprisonment for not less than five years and for any subsequent offence for not less than ten years. Whoever commits any offense described herein while armed with a firearm, shotgun, rifle, machine gun or assault weapon shall be punished by imprisonment in the state prison for not less than five years. Any person who commits a subsequent offense while armed with a firearm, shotgun, rifle, machine gun or assault weapon shall be punished by imprisonment in the state prison for not less than 15 years.

ALM GL ch. 265, § 17. The elements of this offense are: (1) the defendant was armed with a dangerous weapon; (2) the defendant either applied actual force or violence to the body of the person identified in the indictment, or by words or gestures put him in fear; and (3) the defendant took the money or other property of another with intent to steal it. *Commonwealth v. Rogers*, 945 N.E.2d 295, 301, n. 4 (Mass. 2011).

To determine whether a particular offense qualifies as a crime of violence, a court must first identify the precise offense of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). To do that, the court employs a "categorical approach," looking "only to the statutory definitions—*i.e.*, the elements—of a defendant's prior offenses, and not to the particular facts underlying those convictions." *Id.* at 2283 (internal quotation marks and citation omitted). If the prior conviction involves the violation of a "divisible" statute—*i.e.*, one which comprises multiple, alternative versions of the crime—the court is to employ a "modified categorical approach" and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281; *see also Shepard v. United States*, 544 U.S. 13 (2005) (authorizing courts to consider "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," as well as a comparable judicial

record of such information). Where a statute merely lists alternative "means" by which it may be violated, rather than alternative "elements," the modified categorical approach is unavailable. *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016).

The Court agrees with the government that the Massachusetts statute at issue here does not contain alternative versions of the crime and the Court applies the standard categorical approach to determine whether the elements of the statute fall within the definition of crime of violence from § 4B1.2. Section 4B1.2(a)(2), the "enumerated offense clause," lists robbery as a crime of violence. To determine whether a particular offense qualifies as robbery, a court must consider whether that offense "fall[s] within the generic definition of the crime, which is found by surveying how the crime is described across jurisdictions." *United States v. Rede-Mendez*, 68 F.3d 552, 556 (6th Cir. 2012); *accord United States v. McFalls*, 592 F.3d 707, 717 (6th Cir. 2010); *see also Descamps,* 133 S. Ct. at 2281 ("To determine whether a conviction is for [an enumerated offense], courts . . . compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offenses commonly understood.").

Courts have consistently concluded that "the generic definition of robbery [is] 'the taking of property from another person or from the immediate presence of another person by force or intimidation.'" *United States v. Lockley*, 632 F.3d 1238, 1244 (11th Cir. 2011) (quoting *United States v. Walker*, 595 F.3d 441, 446 (2d Cir. 2010)). That is precisely what the Massachusetts statute prohibits and the elements of the crime in Massachusetts are congruent with the elements of generic robbery. The defendant's conviction for armed robbery, therefore, is an appropriate predicate offense for the career offender enhancement. Mr. Newman's objection to the career offender enhancement is **OVERRULED**.

16

The probation officer is directed to prepare a second addendum to the presentence report reflecting the Court's rulings as set forth herein.

ENTER:

s/ J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
